## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | | |
|---|---|---|
| ORALIC SUPPLIES INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Case No. _____ |
| v. | ) | |
| | ) | |
| JIANG HUANG, | ) | |
| No. 146, Shimenkou, Xinmin Village, | ) | |
| Shangli Town, Shangli Country | ) | |
| Pingxiang, Jiangxi, China | ) | |
| | | |
| Defendant. | | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Oralic Supplies, Inc. ("Plaintiff") files this complaint for declaratory judgment against Defendant Jiang Huang ("Defendant").

## NATURE OF ACTION

1.      This is an action for declaratory judgment of patent invalidity and non-infringement. Plaintiff seeks a declaration that United States Patent No. 11,253,052 ("the '052 Patent") is invalid and/or not infringed by the manufacture, use, sale, offer for sale or importation of Plaintiff's products.

## THE PARTIES

2.      Plaintiff is a California corporation with a principal place of business in Diamond Bar, California.

3.      Upon information and belief, Defendant owns the '052 Patent and is a resident of Pingxiang, China.

## JURISDICTION AND VENUE

4.      This is an action for declaratory judgment arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the patent laws of the United States, Title 35 U.S.C. § 1 *et seq*. and Rule 57 of the Federal Rules of Civil Procedure.

5.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338(a), 1391(b)(3), 2201, 2202, and/or 1400(b).

6.      An immediate, real, and justiciable controversy exists between Plaintiff and Defendant as to whether (a) Plaintiff is making, using, or selling products that infringe the '052 Patent, and (b) the '052 Patent is invalid and unenforceable. As set forth below, this controversy arises from Defendant's infringement assertions against Plaintiff. Because this action presents an actual controversy with respect to the unenforceability and invalidity of the '052 Patent, this Court may grant the declaratory relief sought pursuant to 28 U.S.C. §§ 2201 and 2202.

7.      Upon information and belief, this Court has personal jurisdiction over Defendant at least in part because Defendant owns the '052 Patent and has listed as the correspondence address of record with the United States Patent and Trademark Office an address of 516 N. Diamond Bar Blvd., #310, Diamond Bar, CA. This address is a shipping and mailbox center and is not an address at which Defendant or a person affiliated with Defendant can be found to effectuate service. Accordingly, this Court has personal jurisdiction pursuant to 35 U.S.C. § 293.

8.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2) and/or (3) and 35 U.S.C. § 293 because a substantial portion of the events or omissions giving rise to the claim occurred in this forum and were directed at residents of this forum and because defendant is subject to this Court's personal jurisdiction.

## FACTUAL BACKGROUND

### A.    Plaintiff Oralic Supplies Inc.

9.    Plaintiff provides quality oral and facial care products under the BrushMo®
brand, which are sold primarily through online retailers like Amazon.com. Plaintiff's products
include replacement toothbrush heads for electric toothbrushes and replacement facial cleansing
brush heads.

10.    Each of Plaintiff's products sold through Amazon.com are given a unique
Amazon Standard Identification Number ("ASIN"). For example, Plaintiff sells the "Brushmo
Replacement Toothbrush Heads Compatible with Sonicare Electric Toothbrush Pack" under the
ASIN B00NN07IMW ("the 'IMW ASIN"). A true and correct copy of the Amazon.com product
listing for the 'IMW ASIN is attached hereto as **Exhibit A**. As shown in Exhibit A, the 'IMW
ASIN was first available for sale on Amazon.com on September 17, 2014. (Ex. A at 4.)

### B.    United States Patent No. 11,253,052 ("the '052 Patent").

11.    The '052 Patent is entitled "Electrical Toothbrush Head in Secure Contact
Engagement with Vibration Core," was filed on September 18, 2021, and issued on February 22,
2022. The '052 Patent was prosecuted by Andrew C. Cheng, who is registered with the USPTO
and uses an address located in Diamond Bar, CA. A true and correct copy of the '052 Patent is
attached hereto as **Exhibit B**.

12.    Upon information and belief, Plaintiff holds title to the '052 Patent. The '052
Patent lists Jiang Huang as the sole inventor and applicant. No assignments for the '052 Patent
are recorded with the USPTO.

13.    The '052 Patent includes ten claims, including one independent claim and 9
dependent claims. Claim 1 is directed to an electrical toothbrush head in secure contact with a
vibration core and includes several limitations. (*See* Ex. B at 10:1-12:46.)

C.        **Defendant's Acts Comprising Actual Controversy**

14.      On Friday, August 26, 2022, Amazon provided a notice to Plaintiff that the patent owner of the '052 Patent submitted a report to Amazon that stated that the 'IMW ASIN infringes the '052 Patent. Amazon indicated that a failure to promptly resolve this dispute may result in the removal of its product listing and/or a loss of its Amazon.com selling privileges. The Amazon notice identified Michael Poropat, a partner at the law firm of Stockman & Poropat, PLLC, as the contact for the '052 Patent owner.

15.      On Saturday, August 27, 2022, counsel for Plaintiff, Jim Singer, sent a letter to Mr. Poropat. The letter requested Defendant immediately contact Amazon and withdraw its complaint for multiple reasons. First, the '052 Patent claims require features not present in the 'IMW ASIN. Second, the 'IMW ASIN has been for sale since at least September 2014 and the internal structure of the 'IMW ASIN has not changed since at least 2017. Therefore, the letter explained that not only could there be no infringement but even if there was infringement, the 'IMW ASIN is invalidating prior art. The letter requested a reply no later than Monday, August 29, 2022, which provided (i) confirmation the infringement complaint has been withdrawn, (ii) a copy of communications with Amazon withdrawing the complaint, and (iii) confirmation that Defendant will refrain from frivolous assertions of infringement or other actions against Plaintiff and its products in the future. A true and correct copy of the August 27, 2022, letter is attached hereto as **Exhibit C**.

16.      As of the filing of this complaint, neither Plaintiff nor Plaintiff's counsel has received a response from the Defendant or Mr. Poropat.

17.      Defendant's allegations that Plaintiff infringes the '052 Patent as well as Defendant's refusal to confirm otherwise creates an actual case or controversy regarding the validity and alleged infringement of the '052 Patent. In addition, Defendant's allegations, made

to online marketplace platforms like Amazon, threaten actual and imminent injury to Plaintiff,

including at least harm to reputation and the ability to continue to make sales on said platforms.

18.     Plaintiff continues to deny that it infringes the '052 Patent and further states that

each claim of the '052 Patent is invalid.

**FIRST CLAIM FOR RELIEF**
**(Non-Infringement of U.S. Patent No. 11,253,052)**

19.     Plaintiff restates the foregoing paragraphs as if fully set forth herein.

20.     The '052 Patent includes only one independent claim, which is reproduced below.

The remaining claims, claim 2-10, all depend, directly or indirectly, on claim 1. Therefore, all

limitations of claim 1 must be met for there to be infringement of any claim of the '052 Patent.

Claim 1:

An electrical toothbrush head for being in secure contact engagement with a
vibration core, comprising a toothbrush body, the toothbrush body being
provided, in a lower part thereof, with an insertion compartment that has a bottom
opening, an insertion piece being inserted through the bottom opening and
disposed in the insertion compartment, the insertion piece being provided, in a
lower part thereof, with a core channel into which the vibration core in a flat form
is insertable, the insertion piece being formed, in a bottom thereof, with an
insertion opening in communication with the core channel;

the insertion piece being provided in a sidewall thereof with a sideway slot, the
sideway slot penetrating to outside of the insertion piece and the core channel, an
elastic bar that is integrally formed as one piece and elastically swingable being
arranged in the sideway slot, the elastic bar being arranged to extend in an axial
direction of the core channel, an upper end of the elastic bar being fixedly
connected to the sidewall of the insertion piece, a lower end of the elastic bar
being arranged in a movable manner;

the core channel having an inner surface that forms a contact engagement surface
arranged to face the elastic bar, the contact engagement surface extending
smoothly in the axial direction of the core channel, the elastic bar having a middle
portion that bulges and curves toward the core channel to form a curved section, a
contact engagement spacing being present between the curved section and the
contact engagement surface, the contact engagement spacing being formed in a
middle of the core channel, the contact engagement spacing being smaller than a
thickness of the vibration core when the elastic bar is in an original state;

the vibration core including two core side surfaces that are opposite to each other, such that when the vibration core is inserted into the core channel through the insertion opening of the insertion piece, the vibration core extends through the contact engagement spacing to set the contact engagement surface in contact and pressing engagement with one of the core side surfaces of the vibration core, through surface engagement there between, another one of the core side surfaces of the vibration core being in contact and pressing engagement with the curved section and pushing the elastic bar to elastically deform away from the contact engagement surface; and

an outside surface of the curved section surrounding and defining a curved trough, the curved trough being completely filled with a single-piece elastic filler block, the elastic filler block contacting and pressing an inside surface of the insertion compartment and being in a compressed state.

21.     In order to infringe claim 1 of the '052 Patent, an electrical toothbrush head is required to have every one of the above limitations, which includes an "elastic bar" which must be "integrally formed as one piece and elastically swingable" and which must have (i) an "upper end" that is "fixedly connected to the sidewall of the insertion piece," (ii) a "middle portion" that "bulges and curves toward the core channel" that causes the elastic bar to elastically deform when the vibration core is inserted into the toothbrush head, and (iii) a "lower end" that is "arranged in a movable manner." The elastic bar **103** is depicted in Figure 4, reproduced below:

6



Fig.4

(Ex. B at FIG. 4.)

22.    According to the '052 Patent's specification, the elastic bar **103** is arranged to

extend in an axial direction of the core channel **115**, and an upper end of the elastic bar **103** is

fixedly connected to the sidewall of the insertion piece **100**, while a lower end of the elastic

bar **103** is arranged in a movable manner. (Ex. B at 5:20-35.) The elastic bar's upper portion **109**,

bulging and curved middle portion, and unaffixed, movable lower portion can also be seen in

Figure 7, reproduced below (with annotations in red):



Upper Portion

Middle Portion

Lower Portion

Fig.7

(Ex. B. at FIG. 7.)

23.    The 'IMW ASIN does not include every limitation of claim 1 of the '052 Patent.

For example, the 'IMW ASIN does not include the claimed elastic bar.

24.    As seen in the photograph below, the 'IMW ASIN consists of a toothbrush head,

which includes a removable coupling member (pictured left):



25.     The coupling member does not include an elastic bar that is elastically swingable, has a middle portion" that "bulges and curves toward the core channel," and has a lower end that is arranged in a movable manner.

 

26.    As seen in the photographs above, the 'IMW ASIN's coupling member has walls

that extend the length of a core or channel, but none that are affixed on one end and arranged in a

movable manner on the opposite end. Indeed, the walls are fixed—and thus immovable—on both

ends. Further, there is no portion of a wall or bar that both bulges and curves toward the center

core or channel. A simple examination of the readily available and inexpensive product would

have confirmed no infringement.

27.    Despite this fact, Defendant has asserted and continues to assert a claim of

infringement of the '052 Patent.

28.    Moreover, the 'IMW ASIN is readily accessible and affordable. Indeed, anyone—

including Defendant—can order a pack of 8 toothbrush heads for less than $18.00 and expect to

receive the order in less than a week. This leads to only two possible conclusions. First, this

suggests that Defendant has failed to conduct a reasonable pre-suit investigation. Had Defendant

done so, it would have quickly recognized that the 'IMW ASIN does not and cannot infringe any

valid claim of the '052 Patent. Second, this additionally or alternatively suggests that Defendant is asserting claims of infringement knowing such claims are untrue and/or has willfully blinded itself to such knowledge and is asserting claims of infringement without any basis. Therefore, Defendant's actions in raising this dispute warrant attorney's fees under 35 U.S.C. § 285.

29.    Plaintiff expressly reserves the right to assert additional grounds of non-infringement after having the ability to conduct discovery and the Court has construed the claims.

30.    Plaintiff seeks a declaratory judgment that making, using, offering to sell, selling, and importing Plaintiff's products, including the 'IMW ASIN, does not and will not infringe any valid claim of the '052 Patent.

## SECOND CLAIM FOR RELIEF

### (Invalidity of U.S. Patent No. 11,253,052)

31.    Plaintiff restates the foregoing paragraphs as if fully set forth herein.

32.    An actual and substantial controversy has arisen and now exists between the parties concerning the validity of the '052 Patent.

33.    Claims 1-10 of the '052 Patent are invalid because the purported inventions therein fail to meet the conditions of patentability specified in 35 U.S.C. §§ 101 et seq. including but not limited to 35 U.S.C. §§ 102, 103, and 112, and non-statutory common law doctrines.

34.    Without limiting the grounds of invalidity that will be asserted in this action, at least claim 1 of the '052 Patent is invalid under 35 U.S.C. § 112. For example, claim 1 requires an insertion piece that has a sideway slot "penetrating to outside of the insertion piece and the core channel." (Ex. B. at 10:13-15.) Neither the specification or the claims explain how a slot (or empty space) can penetrate anything. Further, there is no description or explanation for how a

slot (or empty space) located on an insertion piece can penetrate to the "outside" of that insertion

piece or what constitutes the "outside" of the insertion piece. Likewise, there is no description or

explanation for how a slot (or empty space) located on an insertion piece can penetrate to the

"outside" of a core channel (a separate and distinct empty space) or what constitutes the

"outside" of a channel (or empty space).

35.     Therefore, the '052 Patent is indefinite, lacks written description, and/or lacks

enablement.

36.     By way of further example and without limiting the grounds of invalidity that will

be asserted in this action, at least claim 1 of the '052 Patent is invalid under 35 U.S.C. §§ 102

and/or 103 based on previously available products, patents, and publications.

37.     For example, United States Patent No. 9,724,180 ("the '180 Patent"), entitled

"Brush Head for Electric Toothbrush," which was filed on January 6, 2017, and the 'IMW ASIN,

either alone or in combination, render at least claim 1 of the '052 Patent invalid as anticipated or

obvious. A true and correct copy of the '180 Patent is attached as **Exhibit D**.

38.     The '180 Patent discloses an electric toothbrush head having a toothbrush body

with a coupling member (or insertion piece). (*See* Ex. D at FIGS. 1-2.) The coupling member

includes an aperture 34 (or sideway slot). The coupling member also includes a resilient wall 38

(elastic bar). Figure 2 of the '180 Patent could suggest to a person of ordinary skill in the art that

the resilient wall includes an end that is attached, another end that is either fixed or movable, and

a raised portion 40 (middle portion) that includes a surface that bulges and curves toward the

mounting channel 32 (core channel). The '180 Patent further teaches a drive shaft of an electric

toothbrush (vibration core) that is inserted into the coupling member and engages with the

surfaces of the coupling member, including the raised portion 40, which causes a secure

connection between the drive shaft and coupling member. (*See* Ex. D at 2:34-4:42.)



FIG. 2

39.     The 'IMW ASIN also discloses a toothbrush head with a coupling member

configured to receive a drive shaft of an electric toothbrush, where the coupling member includes

one or more surfaces that securely engages with the drive shaft.

40.     A person of ordinary skill in the art would find each and every element of claim 1

of the '052 Patent expressly or inherently disclosed in the '180 Patent and/or 'IMW ASIN. A

person of ordinary skill in the art would also be motivated to look to each reference as both are in

the same art and would suggest how to best configure a coupling member of an electric

toothbrush head to the drive shaft of an electric toothbrush.

41.     Also, Defendant's suggestion that the 'IMW ASIN infringes the '052 Patent

further supports a finding that the '052 Patent is invalid. Specifically, the 'IMW ASIN was on

sale and publicly available for several years prior to the filing of the '052 Patent. While Plaintiff

disagrees that the 'IMW ASIN infringes the '052 Patent, if Defendant replies with an assertion that the 'IMW ASIN infringes the '052 Patent's claims, such an assertion would admit that claims are anticipated by the 'IMW ASIN, since the 'IMW ASIN has been sold and was publicly available well prior to the filing of the '052 Patent in 2021.

42.    Plaintiff expressly reserves the right to assert additional grounds of invalidity after having the ability to conduct discovery and the Court has construed the claims.

43.    Plaintiff seeks a declaratory judgment that each claim of the '052 Patent is invalid.

## JURY DEMAND

44.    Pursuant to the Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREOF, Plaintiff seeks judgment be entered in Plaintiff's favor and against Defendants:

(a)    Declaring each claim of the '052 Patent invalid;

(b)    Declaring the manufacture, use, sale, offer of sale, or importation of Plaintiff's products, including the 'IMW ASIN, do not infringe any valid claim of the '052 Patent;

(c)    Enjoining Defendant from enforcing the '052 Patent;

(d)    A finding that this case is exceptional under 35 U.S.C. § 285;

(e)    An order awarding attorneys' fees, costs, and expenses incurred in connection with this action to Plaintiff; and

(f)    An order awarding such other and further relief as this Court deems just and proper.

Dated:  September 13, 2022

*/s/Bradley T. Edgington*
Bradley T. Edgington (VSB No. 94736)
Fox Rothschild LLP
500 Grant Street, Suite 2500
Pittsburgh, PA 15219
Telephone: (412) 391-1334
Facsimile: (412) 391-6984
bedgington@foxrothschild.com

*Counsel for Plaintiff Oralic Supplies Inc.*

15