IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ORALIC SUPPLIES INC.,**

      **Plaintiff,**

v.                                                        Civil Action No. 3:22cv623

**JIANG HUANG,**

      **Defendant.**

**MEMORANDUM OPINION**

This matter comes before the Court on Plaintiff Oralic Supplies Inc.'s ("Oralic") Motion for Default Judgment Against Defendant Jiang Huang. (ECF No. 16.) For the reasons that follow, the Court GRANTS in part and DENIES in part the Motion for Default Judgment. (ECF No. 16.)

**I. Factual and Procedural Background**

**A.**    **Factual Background**

      **1.**    **Factual Background on Oralic and the 'IMW ASIN**

Oralic provides oral and facial care products under the BrushMo brand and sells those products primarily through online retailers such as Amazon.com. (ECF No. 1 ¶ 9.) Oralic's products include replacement toothbrush heads for electric toothbrushes. (ECF No. 1 ¶ 9.) When Oralic sells a product through Amazon.com, the website gives the product a unique Amazon Standard Identification Number ("ASIN"). (ECF No. 1 ¶ 10.) Oralic sells the "Brushmo Replacement Toothbrush Heads Compatible with Sonicare Electric Toothbrush Pack" under the ASIN "B00NN07IMW" (the "'IMW ASIN"). (ECF No. 1 ¶ 10.) On September 17, 2014, the 'IMW ASIN was first available for sale on Amazon.com. (ECF No. 1 ¶ 10.)

The 'IMW ASIN is a toothbrush head that includes a removable coupling member. (ECF No. 1 ¶ 24.) The coupling member "has walls that extend the length of a core or channel." (ECF No. 1 ¶ 26.) The walls are immovable on both ends. (ECF No. 1 ¶ 26.) The wall also does not bulge or curve toward the center core or channel. (ECF No. 1 ¶ 26.)

### 2. Factual Background on the '052 Patent

United States Patent No. 11,253,052 ("the '052 Patent"), entitled "Electrical Toothbrush Head in Secure Contact Engagement with Vibration Core," was filed on September 18, 2021, and issued on February 22, 2022. (ECF No. 1 ¶ 11.) The '052 Patent identifies Defendant Jiang Huang, a resident of Pingxiang, China, as the sole inventor and applicant. (ECF No. 1 ¶¶ 3, 12.) No assignments for the patent are recorded with the United States Patent and Trademark Office ("USPTO"). (ECF No. 1 ¶ 12.)

The '052 Patent includes ten claims. Claim 1 is the sole independent claim, meaning that Claims 2–10 constitute dependent claims. (ECF No. 1 ¶ 20.) Claim 1 describes an electrical toothbrush head in secure contact with a vibration core. Claim 1 includes several limitations:

> (1) "an elastic bar that is integrally formed as one piece and elastically swingable" and which must have "an upper end . . . fixedly connected to the sidewall of the insertion piece,"
>
> (2) "a middle portion [of the elastic bar] that bulges and curves toward the core channel" which causes the elastic bar "to elastically deform when the vibration core is inserted into the toothbrush head," and
>
> (3) "a lower end [of the elastic bar] that is arranged in a movable manner."

(ECF Nos. 1-2, at 10:1–10:45; 1 ¶¶ 13, 21).

The 'IMW ASIN does not include every limitation of Claim 1 of the '052 Patent. (ECF No. 1 ¶ 23.) Specifically, the 'IMW ASIN "does not include the claimed elastic bar." (ECF No. 1 ¶ 23.) The coupling member also does not include "an elastic bar that is elastically swingable,

has a middle portion that 'bulges and curves toward the core channel,' and [also] has a lower end that is arranged in a movable manner." (ECF No. 1 ¶ 25.) While the coupling member of the 'IMW ASIN "has walls that extend the length of a core or channel, [] none [] are affixed on one end and arranged in a movable manner on the opposite end." (ECF No. 1 ¶ 26.) Instead, the walls of the 'IMW ASIN "are fixed—and thus immovable—on both ends." (ECF No. 1 ¶ 26.)

### 3. The Amazon Report

On Friday, August 26, 2022, Amazon provided notice to Oralic that the owner of the '052 Patent submitted a report to Amazon stating that the 'IMW ASIN infringed the '052 Patent. (ECF No. 1 ¶ 14.) Amazon indicated that failure to promptly resolve the dispute might result in the removal of Oralic's product listing and a loss of its Amazon.com selling privileges. (ECF No. 1 ¶ 14.) The Amazon notice identified Michael Poropat, a partner at the law firm Stockman & Poropat, PLLC in Lynbrook, New York, as the contact for the '052 Patent owner. (ECF No. 1 ¶ 14.)

In response, the next day—Saturday, August 27, 2022—Oralic's counsel sent a letter to Mr. Poropat requesting that Mr. Huang immediately contact Amazon and withdraw the complaint against Oralic because (1) the '052 Patent Claims require features not present in the 'IMW ASIN, and (2) the 'IMW ASIN had been for sale since at least September 2014, and (3) the internal structure had not changed since at least 2017. (ECF No. 1 ¶ 15.) The letter explained that, based on these reasons, the 'IMW ASIN could not infringe the '052 Patent, but even if the 'IMW ASIN did infringe, Oralic's sale of the 'IMW ASIN before Mr. Huang filed the '052 Patent invalidated the '052 Patent. (ECF No. 1 ¶ 15.) The letter requested a reply no later

than August 29, 2022. (ECF No. 1 ¶ 15.) However, as of the filing of the Complaint, no response had been received. (ECF No. 1 ¶ 16.)[1]

## B. Procedural Background

On September 13, 2022, Oralic filed a Complaint against Defendant Jiang Huang seeking declaratory judgment of non-infringement (Count I), and/or a declaratory judgment of patent invalidity (Count II) of United States Patent No. 11,253,052. (ECF No. 1, at 5, 11). Mr. Huang never acknowledged service in China.

Following repeated attempts to locate and serve Mr. Huang, on November 18, 2022, Oralic filed a motion to permit alternative service of process pursuant to 35 U.S.C. § 293.[2] (ECF No. 6.) Based on a showing of repeated contact with persons, addresses, and emails in the

---

[1] Although Mr. Poropat did not enter an appearance in this case or respond substantively, he did respond to Oralic's attempts to serve Mr. Huang with the Complaint in this case. (ECF No. 6, at 2.) Specifically, Mr. Poropat "stated that his representation was limited to the reporting of infringement to Amazon and therefore he was not [then] authorized to accept service." (ECF No. 6-1, at 3.) After a series of mailings, phone calls, and emails dating from September 16, 2022 through November 11, 2022, Mr. Poropat ultimately informed Plaintiff's counsel that "he did not have authority to accept service for [Mr. Huang]." (ECF No. 6-1, at 2–3.) Mr. Poropat added "that he contact[ed] [Mr. Huang] through an intermediary and ha[d] been unable to contact [Mr. Huang] recently" and that the address in China to which Plaintiff's counsel had attempted to send the Complaint and request to waive service "was the same one he had on file", although "he had never attempted to physically send anything to that address." (ECF No. 6-1, at 3–4.)

[2] Section 293 of Title 35 of the United States Code provides, in pertinent part, that

> [e]very patentee not residing in the United States may file in the Patent and Trademark Office a written designation stating the name and address of a person residing within the United States on whom may be served process or notice of proceedings affecting the patent or rights thereunder . . . . [I]f no person has been designated, the United States District Court for the Eastern District of Virginia shall have jurisdiction and summons shall be served by publication or otherwise as the court directs.

35 U.S.C. § 293.

patent's prosecution history as associated with Mr. Huang without finding anyone to accept service, on December 20, 2022, this Court granted Oralic's Motion for Alternative Service via several alternative mechanisms. (ECF No. 7.) On December 28, 2022, a summons was issued for service of process. (ECF No. 9.) On January 17, 2023, Oralic filed a Motion to Modify the Court's December 20, 2022 Order, (ECF No. 11), which the Court granted on January 26, 2023, (ECF No. 12).

By March 1, 2023, Oralic served copies of the Summons, Complaint, and Court Orders by each of the four alternative service methods approved by the Court in its January 26, 2023 Order, (ECF No. 12).[3] (ECF No. 13.) Accordingly, an executed summons was filed on March 6, 2023. (ECF No. 13.) To date, Mr. Huang has failed to answer or otherwise respond to the Complaint.

On April 7, 2023, Oralic requested an entry of default from the Clerk of the Court, (ECF No. 14), and on April 13, 2023, the Clerk entered default against Mr. Huang, (ECF No. 15). Oralic filed this Motion for Default Judgment against defendant Huang on April 13, 2023. (ECF No. 16.)

## II. Standard of Review

Federal Rule of Civil Procedure 55 governs default judgment. Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the

---

[3] These methods included (1) "[b]y publication in a newspaper of general circulation . . . or by publishing internationally with Global Legal Notices"; (2) "[b]y certified mail at [Mr.] Huang's United States Patent and Trademark correspondence address"; (3) "[b]y email to [Mr.] Huang's known patent agent"; and (4) "[b]y certified mail to [Mr.] Huang's known counsel[.]" (ECF No. 12, at 2.)

5

party's default." Fed. R. Civ. P. 55(a). The party seeking entry of default judgment must then "apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

A defendant in default "admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The clerk's entry of default does not itself warrant the Court's entry of default judgment. *See id.* Normally, before entry of default judgment, the Court must determine whether the allegations of the complaint support the relief sought. *See id.* This is so because "[d]efault is a harsh measure because it ignores the merits," *Bogopa Serv. Corp. v. Shulga*, No. 3:08-CV-365, 2009 WL 1628881, at *3 (W.D.N.C. June 10, 2009), and "the Fourth Circuit has a 'strong policy that cases be decided on the merits.'" *State Employees' Credit Union v. Nat'l Auto Leasing, Inc.*, No. 2:06-CV-663 (JBF), 2007 WL 1459301, at *1 (E.D. Va. May 14, 2007) (quoting *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)).

### III. Analysis

Oralic asserts (1) that the 'IMW ASIN does not infringe the '052 Patent and (2) that the '052 Patent is invalid. (ECF No. 1 ¶ 1.) The well-pleaded allegations in Oralic's Complaint, deemed admitted as a result of Mr. Huang's default, meet the requirements for non-infringement. Because a finding of non-infringement clarifies and settles the legal relationship between the parties, the Court will exercise its discretion in declining to declare the '052 Patent invalid at this time.

### A. The Court Will Exercise Jurisdiction Over Oralic's Claim for Declaratory Judgment Because Declaratory Relief Will Serve a Useful Purpose in Clarifying and Settling the Legal Relations at Issue

Oralic's Complaint seeks declaratory judgment that it does not infringe defendant Huang's '052 Patent and/or that the Patent is invalid under 35 U.S.C. § 102. Because granting declaratory relief will serve a useful purpose in clarifying and settling the legal relations at issue, the Court will exercise jurisdiction over Oralic's claim for declaratory judgment.

#### 1. Legal Standard: Declaratory Judgment

"[D]istrict courts possess discretion in determining whether and how to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdiction requirements." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). The Declaratory Judgment Act expressly states that district courts "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). In light of this "nonobligatory" language, the Supreme Court has explained that "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 288.

A district court may decline to entertain a declaratory judgment claim when it has "good reason" to do so. *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 594 (4th Cir. 2004) (citation omitted). In determining whether to exercise declaratory jurisdiction, this Court must consider whether declaratory relief would "serve a useful purpose in clarifying and settling the legal relations in issue," and whether judgment would "terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Id.* (citation omitted).

"[A] declaratory action must stem from a dispute that is 'definite and concrete, touching the legal relations of parties having adverse legal interests,' and must be 'real and substantial' and 'of a conclusive character.'" *Bruce & Tanya Assocs., Inc. v. Bd. of Supervisors of Fairfax Cnty., Va.*, 355 F. Supp. 3d 386, 402 (E.D. Va. 2018) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)).

In the context of patent law, finding that a dispute exists between the parties "does not necessitate that a lawsuit, or counterclaim alleging infringement, [has] been filed against the declaratory plaintiff." *Cherdak v. Vock*, No. 1:11-CV-1311 (LO), 2012 WL 1427847, at *4 (E.D. Va. Apr. 23, 2012) (citation omitted). Rather, "'where a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party,' that other party may seek declaratory relief without waiting for an infringement suit." *Genetic Veterinary Scis., Inc. v. LABOklin GmbH & Co., KG*, No. 2:17-CV-108 (HCM), 2017 WL 4638590, at *5 (E.D. Va. Oct. 16, 2017), *aff'd*, 933 F.3d 1302 (Fed. Cir. 2019) (quoting *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2017) ("*SanDisk*")); *see also Segone, Inc. v. Fox Broadcasting Co.*, No. 3:07-CV-342 (JRS), 2007 WL 2965064, at *2 (E.D. Va. Oct. 9, 2007) ("[A]n actual controversy exists if the defendant 'takes a position' that forces the [declaratory judgment] plaintiff to choose to abandon a right that it claims or risk action by the defendant.") (quoting *SanDisk*, 480 F.3d at 1381). A plaintiff may bring a declaratory judgment action if a defendant has demonstrated "conduct that can be reasonably inferred as demonstrating intent to enforce a patent." *Hewlett-Packard Co. v. Acceleron LLC*, 587 F.3d 1358, 1363 (Fed. Cir. 2009).

### 2. The Court Will Exercise Jurisdiction Over Oralic's Claim for Declaratory Judgment Claim Because the Amazon Notice Created a Dispute and Declaratory Relief Would Clarify and Settle the Legal Relations at Issue

The Court, in its discretion, will exercise jurisdiction over Oralic's claim for declaratory judgment. Mr. Huang's report of Oralic's infringement of the '052 Patent to Amazon did not cause Amazon to remove the listing for the 'IMW ASIN, but his assertion and the resulting notice sent from Amazon to Oralic can reasonably be inferred as demonstrating an intent by Mr. Huang to enforce a patent. *See Sell Below Cost USA LLC v. Blue Island Holding Grp. (US) Inc.*, No. 19-CV-6095 (KAM)(RER), 2021 WL 1394284, at *4 (E.D.N.Y. Feb. 9, 2021), *report and recommendation adopted*, No. 19-CV-6095 (KAM)(RER), 2021 WL 777015 (E.D.N.Y. Mar. 1, 2021) (patent rights owner created an Article III controversy under the Declaratory Judgment Act[4] when it notified Amazon of purported infringement); *see also Hewlett-Packard Co.*, 587 F.3d at 1363. By contacting Amazon, Mr. Huang created an "actual controversy" for Article III purposes because Mr. Huang asserted his patent rights and Amazon reacted by threatening to remove Oralic's allegedly infringing product from its website. *See Sell Below Cost USA LLC*, 2021 WL 1394284, at *4, *report and recommendation adopted*, 2021 WL 777015.

This notice created a concrete, real, and substantial dispute fairly traceable to Mr. Huang which touches on the legal interests of Oralic and Mr. Huang regarding the validity of the '052 Patent and the potential infringement or non-infringement by the 'IMW ASIN of Mr. Huang's '052 Patent. The determination of the validity of the '052 Patent or the non-infringement of the 'IMW ASIN on the '052 Patent would serve the useful purpose of clarifying and settling the

---

[4] 28 U.S.C. 2201(a), the Declaratory Judgment Act, requires an "actual controversy." This "actual controversy" requirement "is rooted in Article III of Constitution." *See Sell Below Cost USA LLC*, 2021 WL 1394284, at *4, *report and recommendation adopted*, 2021 WL 777015.

9

legal relations between Oralic and Mr. Huang. *See Volvo Const. Equip.*, 386 F.3d at 594. For these reasons, Oralic properly seeks declaratory judgment.

### B. The Court Concludes that Oralic's Allegations, Deemed Admitted, Establish That Oralic Did Not Infringe on the '052 Patent

Patentholders generally bear the burden of proving infringement, while defendants in a declaratory action comparably bear the burden to show non-infringement. Mr. Huang, the patentholder, has not responded to this action despite repeated and appropriate attempts to serve the Complaint on him and affiliated persons, businesses, or emails. Accordingly, Mr. Huang is deemed to have admitted Oralic's allegations, meaning he fails to meet the burden of proving infringement either literally or under the doctrine of equivalents.

#### 1. Legal Standard: Non-Infringement

Section 271(a)–(b) of Title 35 of the United States Code provides that:

(a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

(b) Whoever actively induces infringement of a patent shall be liable as an infringer.

35 U.S.C. § 271(a)–(b). The burden of proving infringement generally rests upon the patentee. *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 571 U.S. 191, 198–99 (2014). In a case such as this one, "where . . . a party files a complaint seeking a declaratory judgment of non-infringement, the opposing party must assert, or risk waiving, a counterclaim for patent infringement of the same patents." *Avaya, Inc. v. Mitel Networks Corp.*, 460 F. Supp. 2d 690, 692 (E.D. Va. 2006) (citing *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 801 (Fed.

Cir. 1999)). The burden of proof does not shift to a plaintiff seeking declaratory judgment for non-infringement, but rather remains with the defendant patentee.[5] *Medtronic*, 571 U.S. at 194.

A determination of patent infringement involves a two-step analysis. *Ultimate Home Protector Pans, Inc. v. Camco Mfg., Inc.*, No. 1:19-CV-280, 2020 WL 4938344, at *3 (M.D.N.C. Aug. 24, 2020) ("*Camco*") (citing *Carroll Touch, Inc. v. Electro Mech. Sys., Inc.*, 15 F.3d 1573, 1576 (Fed. Cir. 1993)). First, the court construes the claims at issue, as a matter of law, to determine their scope and meaning and, second, the finder of fact compares the construed claims to the accused. *Id.*; *see also Pregis Corp. v. Doll*, 698 F. Supp. 2d 584, 593 (E.D. Va. 2010), *aff'd sub nom. Pregis Corp. v. Kappos*, 700 F.3d 1348 (Fed. Cir. 2012).

Direct infringement occurs when "'all steps of a claimed method are performed by or attributable to a single entity.'" *Camco*, 2020 WL 4938344, at *3 (quoting *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015)). A patentholder may show direct infringement by proving literal infringement or infringement under the doctrine of equivalents. *Id.* (citing *Cross Meds Prods. Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1310 (Fed. Cir. 2010).

Literal infringement occurs when the accused product (or process) embodies every limitation of a claim. *Camco*, 2020 WL 4938344, at *3 (citing *Carroll Touch*, 15 F.3d at 1576). Under the doctrine of equivalents, "'a product or process that does not literally infringe upon the express terms of a patent claim may nonetheless be found to infringe if there is "equivalence" between the elements of the accused product or process and the claimed elements of the patented

---

[5] *Medtronic* concerned a licensee seeking declaratory judgment of non-infringement against a patentee. 571 U.S. at 193–94. However, the Court's analysis did not depend upon the plaintiff's status as licensee, and in fact clarified that the general rule that the patentee bears the burden of proving infringement applies *even where* the patentee is the defendant in an action brought by a licensee. *See id.*

11

invention.'" *Id.* (quoting *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 21 (1997)).

> 2. **Because Oralic Has Sufficiently Alleged Non-Infringement of the '052 Patent Under a Literal Infringement Theory and Under the Doctrine of Equivalents, a Declaration of Non-Infringement is Appropriate**
>
>> a. **The 'IMW ASIN Does Not Literally Infringe the '052 Patent Because the Accused Device Does Not Contain Every Limitation of Claim 1 of the '052 Patent**

"'To prove literal infringement, the patentee must show that the accused device contains every limitation in the asserted claims.'" *Camco*, 2020 WL 4938344, at *3 (quoting *Leggett v. Platt, Inc. v. Hickory Springs Mfg. Co.*, 285 F.3d 1353, 1358 (Fed. Cir. 2002). "[I]f any claim limitation is absent from the accused device, there is no literal infringement as a matter of law." *Amgen, Inc. v. Hoffman-La Roche, Ltd.*, 580 F.3d 1340, 1374 (Fed. Cir. 2009) (citing *TPI Sys., LLC v. Phillips & Brooks/Gladwin, Inc.*, 529 F.3d 1364, 1379 (Fed. Cir. 2008)).

As described earlier, Claim 1 of the '052 Patent describes "[a]n electrical toothbrush head" that contains "an elastic bar" with the following limitations:

(1) the "elastic bar" must be "integrally formed as one piece and elastically swingable" and must have "an upper end . . . fixedly connected to the sidewall of the insertion piece";

(2) the elastic bar must have "a middle portion that [bulges] and curve[s] toward the core channel" and that causes the elastic bar to "elastically deform" when the vibration core is inserted into the toothbrush head; and,

(3) the elastic bar must have "a lower end [that is] arranged in a movable manner".

(ECF No. 1-2, at 11; *see also* ECF No. 1 ¶ 21.)

The 'IMW ASIN, on the other hand, "does not include an elastic bar that is elastically swingable, has a middle portion[] that 'bulges and curves toward the core channel,' and has a lower end that is arranged in a movable manner." (ECF No. 1 ¶ 25.) Oralic alleges that the

coupling member of the 'IMW ASIN, unlike the '052 Patent, does not have walls "that are affixed on one end and arranged in a movable manner on the opposite end." (ECF No. 1 ¶ 26.) Instead, the walls of the 'IMW ASIN "are fixed–and thus immovable–on both ends. Further, there is no portion of a wall or bar that both bulges and curves toward the center core or channel." (ECF No. 1 ¶ 26.)

The burden of proving infringement remains with Mr. Huang, who, by failing to respond to the Complaint, has not shown that any claim limitation of the '052 Patent is contained in the 'IMW ASIN. Deemed admitted, Oralic's factual allegations thus support the finding that the 'IMW ASIN does not literally infringe the '052 Patent.

      **b.    The 'IMW ASIN Does Not Infringe the '052 Patent Under the Doctrine of Equivalents Because Mr. Huang's Patent Clearly Excludes at Least One Element of the 'IMW ASIN**

If a product (or process) does not literally infringe, a patentee can prove infringement under the doctrine of equivalents "'if there is "equivalence" between the elements of the accused product or process and the claimed elements of the patented invention.'" *N5 Techs. LLC v. Capital One N.A.*, 56 F. Supp. 3d, 755, 760 (E.D. Va. 2014) (quoting *Warner-Jenkinson Co., Inc. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 21 (1997)). "If there is not equivalence between the accused device or method and *any one* element of the patent claim in issue, then there is no infringement under the doctrine of equivalen[ts]." *Id.* at 760–61 (emphasis in original). In other words, under what courts have called "'the (in)substantial differences test'" for equivalence, "'[a]n element in the accused device is equivalent to a claim limitation if the only differences between the two are insubstantial.'" *Camco*, 2020 WL 4938344 at *4 (quoting *UCB, Inc. v. Watson Labs, Inc.*, 927 F.3d 1272, 1284 (Fed. Cir. 2019)) (alteration in original) (internal quotation marks omitted).

Further, when a patent claim expressly or implicitly excludes an element, no equivalence exists between the element and the claim limitation. *Camco*, 2020 WL 4938344 at *4 (citing *SciMed Life Sys., Inc. v. Advanced Cardiovascular Sys., Inc.*, 242 F.3d 1337, 1345 (Fed. Cir. 2001)).

Here, Claim 1 of the '052 Patent describes a coupling member that extends "in an axial direction of the core channel" with the "upper end of the elastic bar being *fixedly connected* to the sidewall of the insertion piece, [and] a lower end of the elastic bar being arranged in a *movable manner*." (ECF No. 1-2, at 15 (emphasis added).) On the other hand, Oralic alleges—without opposition—that the 'IMW ASIN's coupling member "has walls that extend the length of a core or channel, *but none that are affixed on one end and arranged in a movable manner on the opposite end*." (ECF No. 1 ¶ 26 (emphasis added).) Because Mr. Huang's patent claim clearly excludes an element of the 'IMW ASIN (that of including a coupling member that is affixed on one end and arranged in a movable manner on the opposite end), and because the differences between the 'IMW ASIN and the '052 Patent are not insubstantial, no equivalence exists.

### C. The Court Declines to Declare the '052 Patent Invalid Because a Judgment of Non-Infringement Clarifies and Settles the Legal Relationship Between the Parties

Because the Court concludes that the 'IMW ASIN does not infringe the '052 Patent, the Court need not reach the question of invalidity of the '052 Patent.

Patents enjoy "a statutory presumption of validity." *Morpho Detection, Inc. v. Smiths Detection, Inc.*, 957 F. Supp. 2d 655, 660 (E.D. Va. 2013) (citing 35 U.S.C. § 282).[6] "A finding

---

[6] Section 282 of Title 35 of the United States Code states, in pertinent part: "IN GENERAL.—A patent shall be presumed valid." 35 U.S.C. § 282.

14

of non[-]infringement does not [necessarily] moot a counterclaim for invalidity." *Camco*, 2020 WL 4938344 at *5 (citing *VirnetX Inc. v. Apple Inc.*, 931 F.3d 1363, 1373 (Fed. Cir. 2019)). Rather, "'[a] party seeking a declaratory judgment of invalidity presents a claim independent of the patentee's charge of infringement.'" *VirnetX*, 931 F.3d at 1373 (quoting *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 96 (1993)). When "'non[-]infringement is clear and invalidity is not plainly evident[,] it is appropriate to treat only the infringement issue.'" *Phonometrics, Inc. v. Northern Telecom, Inc.*, 133 F.3d, 1459, 1468 (Fed. Cir. 1998) (quoting *Leesona Corp. v. United States*, 530 F.2d 896, 887 n.9 (1976)); *see also UCB, Inc. v. Yeda Rsch. & Dev. Co.*, 117 F. Supp. 3d 755, 779 (E.D. Va. 2015) (declining to address a declaratory judgment plaintiff's claim of patent invalidity after granting plaintiff's claim of non-infringement in summary judgment), *aff'd*, 887 F.3d 1256 (Fed. Cir. 2016).

In light of the finding of non-infringement by the 'IMW ASIN, this Court need not reach the question of invalidity of the '052 Patent to afford relief from and terminate the "uncertainty, insecurity, and controversy giving rise to" this case. *See Volvo Equip.*, 386 F.3d at 594 (quotation marks and citation omitted). Further, Oralic has "'not shown how a judgment of invalidity . . . would provide any additional benefit.'" *See Camco*, 2020 WL 4938344, at *6 (quoting *AstraZeneca LP v. Breath Ltd.*, 542 F. App'x 971, 981–82 (Fed. Cir. 2013)). Rather, a finding of non-infringement affords appropriate relief as to the controversy between the parties, and sufficiently terminates Oralic's uncertainty and insecurity over the status of the 'IMW ASIN. To determine invalidity, the Court would have to construe terms and review the patent as a whole—none of which is well-served by the limited record before the Court. The Court therefore declines to exercise its discretion under the Declaratory Judgment Act and will dismiss Oralic's invalidity claim without prejudice.

### D. The Court Will Not Award Attorney's Fees

In patent cases, attorney's fees are generally permitted only in exceptional cases under 35 U.S.C. § 285.[7] *DNT, LLC v. Sprint Spectrum, LP*, 750 F. Supp. 2d 616, 620 (E.D. Va. 2010). "The existence of an exceptional case may be proven by showing: inequitable conduct before the PTO; litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a frivolous suit or willful infringement." *Id.* at 621 (citing *Epcon Gas Sys., Inc. v. Bauer Compressors, Inc.*, 279 F.3d 1022, 1034 (Fed. Cir. 2002)). Such awards "should be limited to circumstances in which it is necessary to prevent 'a gross injustice' or bad faith litigation." *Id.* (quoting *Forest Lab'ys, Inc. v. Abbott Lab'ys*, 339 F.3d 1324, 1329 (Fed. Cir. 2003)).

Mr. Huang has not engaged in this case on any level, rendering elusive the necessary showing of his having engaged in litigation misconduct or in vexatious, unjustified, or bad faith litigation. Nor does Oralic's Complaint make specific allegations concerning Mr. Huang's conduct before the USPTO. (ECF No. 1 ¶ 28.) Finally, failure to receive attorney's fees will not cause Oralic to experience a gross injustice. The well-pleaded allegations, deemed admitted, do not warrant an award of attorney's fees under 35 U.S.C. § 285.

### IV. Conclusion

For the foregoing reasons, the Court will grant in part and deny in part the Motion. (ECF No. 16.)

An appropriate Order shall issue.

Date: January 4, 2024
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge

---

[7] Section 285 of Title 35 of the United States Code provides: "The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285.